UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re | Chapter 7 |
| MICHELLE L. KERNAN | Case No. 06-50111 |
| Debtor |  |
| Appearances: |  |
| Steven E. Mackey, Esq.<br>Office of the U.S. trustee<br>One Century Tower<br>265 Church Street<br>New Haven, CT 06510 | Attorney for the movant/ United States trustee |
| David A. Scalzi, Esq.<br>921 Stillwater Road<br>Stamford, CT 06902 | Attorney for the respondent/ debtor |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

Alan H. W. Shiff, United States Bankruptcy Judge

The United States trustee ("UST") has moved to dismiss this case because the debtor did not timely satisfy the prepetition duties required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

**BACKGROUND**

On April 9, 2006, the debtor filed a chapter 7 petition. On April 19th, the UST filed the instant motion. During a May 23, 2006 hearing on that motion, the debtor stated that she had attempted to satisfy the prepetition credit counseling and certification requirements prior to filing for bankruptcy protection. Tr. at 3. *See infra,* at pp. 2-3.

Having observed the debtor and considered her statements and those of the UST, the court finds the following. Before she filed her chapter 7 petition, the debtor sought and obtained a list of nonprofit credit counseling agencies. *See* 11 U.S.C. §§ 111(a)(1), 109(h)(1). She finally succeeded in contacting Greenpath, Inc., one of the agencies on the list. Tr. at 5. She mistakenly believed that by contacting Greenpath, completing what it referred to as "credit counseling", and filling out the budget evaluation form and calculator, she had satisfied the prepetition credit counseling requirement imposed by § 109(h)(1)[1]. *Id.* at 3, 9. She so advised her attorney . On April 9th, her attorney filed her chapter 7 petition. Either that day or the next, the debtor discovered that the credit counseling she received was different than the credit counseling required by §109(h)(1). As a consequence, she did not receive the credit counseling certificate referred to in § 521(b)(1)[2]. Tr. at 4. On April 10th, the debtor went to the website of Money Management International, another approved agency, where she completed the required credit counseling. Tr. at 4. On April 11th, she filed the required credit counseling certificate. *Id.* at 4, 6, 9.

The UST did not dispute the debtor's statements. "Everything that the debtor said seems to be correct and [was] borne out by what [the UST has] been able to find". Tr. at 9. The motion to dismiss was filed because the UST concluded "that since the statute says [credit counseling] must be done before [filing the petition], [and] it was not[,] . . . the case needs to be dismissed". *Id*. That position was restated in the UST's memorandum: "The [debtor] fails to *qualify* as a bankruptcy debtor" because "her briefing occurred on April 10, 2006 which is one day after she had filed her bankruptcy petition". *Memorandum* at pp. 1, 2 (emphasis added). As noted, the UST also seeks the dismissal because the debtor did

---

[1] Code section 109(h)(1) provides in relevant part: "[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . .". 11 U.S.C. § 109(h)(1).

[2] Code section 521(b)(1) provides in relevant part: "[A] debtor who is an individual shall file with the court-(1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor . . .". 11 U.S.C. § 521(b)(1).

not timely file a credit counseling certificate. *See* § 521(b)(1) and Fed. R. Bankr. P. 1007(b)(3) and (c).

## DISCUSSION

*Credit Counseling*

Parenthetically, it is observed that the UST's office appears to have taken the position that the court has no discretion and is required to dismiss this case because the debtor was late in obtaining the requisite credit counseling, albeit by one day. *See Memorandum* at pp. 6-7. Any such argument cannot be reconciled by the plain reading of BAPCPA. Had congress intended the recent amendments to provide a nondiscretionary dismissal of a case in the context presented here, it would have included provisions to achieve that result. *Compare, e.g.*, 11 U.S.C. § 521(i)(1)(subject to exceptions, the dismissal of a case is mandated on the 46th day if a debtor fails to file all of the information required under § 521(a)(1) within 45 days after the commencement of the case). By contrast, § 707, which relates to the dismissal of a case, employs the permissive "may". Moreover, the code section defining eligibility for bankruptcy relief, § 109(h), does not include a provision for mandatory dismissal. Rather, there are subparagraphs that, if applicable under the presented facts, provide a basis for eligibility and a defense to a motion to dismiss. The question then is whether the circumstances here, when woven through the labyrinth of the applicable BAPCPA provisions, support the UST's motion.

Section 707(a) provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including -
>   (1) unreasonable delay by the debtor that is prejudicial to creditors;
>   (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>   (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.
> 11 U.S.C. § 707(a).

As an initial matter, it is noted that there is a typographical error in § 707(a) where it refers to § 521 "(1)". That subparagraph does not exist. Courts addressing that error have concluded that the legislative intent was a reference to § 521(a)(1)[3]. *See, e.g., In re Starlett T. Bass*, 2006 Bankr. LEXIS 1051, at *8 (Bankr. W.D.Tenn. June 9, 2006). Moreover, it is assumed that the UST does not rely upon the specific subparagraphs of § 707(a) because none of them are applicable, i.e., none refer to credit counseling (or credit counseling certificates).

Even though § 707(a) does not specifically provide for the dismissal of a case for the failure of a debtor to receive the requisite credit counseling, that subsection may be used to achieve that result. *See, e.g.*, *In re: Michael R. Hess, Debtor; In re: Danielle Madore f/k/a/ Danielle Jones, Debtor*, 347 B.R. 489, 496 (Bankr. D. Vt. 2006). The rationale of that authority is buttressed by the language of the subsection which does not limit dismissal to the three enumerated provisions, but rather employs the suffix "including". Indeed, the *Hess* court went further and declined to dismiss two cases under the "totality of the circumstances". *See In re: Hess, supra,* 347 B.R. at 498-501 (declining to dismiss cases "[e]ven though [one debtor] did not file a certificate of pre-petition counseling, or fulfill the statutory prerequisites for an exemption"; and, the other debtor "did not satisfy the requirements of § 109(h) because she failed to complete pre-petition counseling and to comply with the second prong of the exemption criteria in § 109(h)(3)(A)").

---

[3] Code section 521(a)(1) provides in relevant part:
The debtor shall (1) file (A) a list of creditors; and (B) unless the court orders otherwise-(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, . . . (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition. 11 U.S.C. § 521(a)(1).

Arguably, the utility of the nonexclusive provisions of § 707(a) to dismiss a case might be appropriate if a debtor would not be eligible for bankruptcy relief under § 109(h)(1). The UST takes that position in this case. That argument is not convincing. The 180-day time line of subsection (h)(1), *see supra,* at p. 2 n.1, is subject to several subsections, including section 109(h)(3)(A), which is relevant here:

> [T]he requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that-
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5 - day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.
> 11 U.S.C. § 109(h)(3)(A).

Although that subsection calls for a debtor to submit a *certification* that exigent circumstances exist, the debtor's statement on the record is the equivalent to a certification. Apart from the observation that the debtor is not required to *file* an exigency certification, *compare,* e.g., § 707(a)(3), to conclude otherwise would elevate form over substance.

As noted, *supra* at p. 2, the debtor attempted to satisfy the prepetition requirements by contacting an approved credit counseling agency. She convincingly stated that she had completed the counseling "several times before". Tr. at 3, 5. When she finally got a response from Greenpath, she was given the wrong services. After the debtor discovered that she had not received the requisite credit counseling, she immediately rectified that deficiency. The court is satisfied that the debtor was an innocent victim of miscommunication with an approved credit counseling agency and is particularly troubled by the failure of that agency to clarify the difference between pre-bankruptcy credit counseling and its "credit counseling". *See* 11 U.S.C. § 111(a)(1). On the basis of the debtor's unrefuted and satisfactory explanation, the court concludes that she has satisfied the three conditions for an exemption under section 109(h)(3)(A); and, she is an eligible debtor.

*Credit Counseling Certificate*

As a final matter, the UST incorrectly contends that "an individual debtor is required to file the [credit counseling certificate] with the petition". *Memorandum* at p. 3. The timing for filing the credit counseling certificate is governed by Fed. R. Bankr. P. 1007. The text of interim Fed. R. Bankr. P. 1007(c) provides that documents required under Fed. R. Bankr. P. 1007(b)(3) shall be filed with petition. However, that provision was omitted in the December 1, 2005 amendment to the Rules. Therefore, as of the time of the commencement of this case, there was no time limit for the debtor to file the credit counseling certificate[4]. Therefore, that issue is subsumed by the larger issue of whether the debtor is eligible under § 109(h), and as noted *supra*, at p. 6, she is. The debtor has filed the certificate evidencing her credit counseling. Hence, neither § 521(b), nor Fed. R. Bankr. P. 1007, provides a basis for dismissal of her case.

## CONCLUSION

For the foregoing reasons, the UST's motion for the dismissal is neither mandated nor warranted. Accordingly, its motion is denied, and

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 5th day of January 2007.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

---

[4] Fed. R. Bankr. P. 1007(c) was amended again on October 1, 2006, with the adoption of Fed. R. Bankr. P. 1007 [Interim 2006]. Therefore, for bankruptcy petitions filed on or after October 1, 2006, the credit counseling certificate "shall be filed with the petition". Fed. R. Bankr. P. 1007(c) [Interim 2006].